

FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 3:56 pm, Jan 14, 2021

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BEASLEY FOREST PRODUCTS, INC.
and ASHLAND MAT, LLC,

    Plaintiffs,

    v.

NORTHERN CLEARING, INC. and
OEI, INC.,

    Defendants.

2:20-cv-80

## ORDER

Before the Court are two motions: the Motion to Dismiss, dkt. no. 4, filed by Defendants Northern Clearing, Inc. ("NCI") and OEI, Inc. ("OEI") (collectively, "Defendants"); and the Motion to Remand, dkt. no. 17, filed by Plaintiffs Beasley Forest Products, Inc. ("Beasley Forest") and Ashland Mat, LLC ("Ashland Mat") (collectively, "Plaintiffs"). For the reasons stated below, Plaintiffs' Motion to Remand is **GRANTED** and Defendants' Motion to Dismiss is **DENIED as moot**.

## I.    BACKGROUND

This suit arises from a series of contracts between Plaintiffs and Defendants. Plaintiffs Beasley Forest and Ashland Mat are in the business of producing hardwood mats, lumber, chips, and bark. Dkt. No. 1-1 at 4. Defendants NCI and OEI are in the business of

providing clearing, access road construction, vegetation management, and mat services.  Id.  The principals of Defendant NCI incorporated OEI in 1998 to acquire a sawmill in Ashland, Wisconsin (the "Ashland Sawmill") from a non-party entity.  Id. In December 2012, the principals of Plaintiff Beasley Forest organized Ashland Mat to purchase the Ashland Sawmill from OEI. Id.  Ashland Mat and OEI executed the Asset Purchase and Sale Agreement (the "Purchase Agreement") on December 31, 2012, to facilitate this purchase.  Id. at 5.  On the same date, Beasley Forest and NCI entered into two "Ancillary Agreements" in connection with Ashland Mat and OEI's Purchase Agreement.  Id. at 6, 82-397.  The Ancillary Agreements involved the sale and purchase of timber mats between Beasley Forest and NCI, and the parties included the Ancillary Agreements as attached exhibits to the Purchase Agreement.  Id. at 6-7, 62.

Beasley Forest first filed a breach of contract and accounting suit against NCI in state court on April 13, 2020, alleging that NCI breached the Ancillary Agreements.  Dkt. No. 1 at 1.[1]  On May 13, 2020, NCI removed that case to this Court based on diversity jurisdiction, and Beasley Forest thereafter voluntarily dismissed the suit.  Id.  On June 26, 2020, Beasley Forest filed the present suit in the Superior Court of Jeff Davis County, Georgia.  Id. at

---

[1] See Beasley Forest Prods., Inc. v. N. Clearing, Inc., No. 2:20-cv-51, ECF No. 1 (S.D. Ga. May 13, 2020).

2.  In this suit, Plaintiffs now include Ashland Mat as a plaintiff and OEI as a defendant, and, in addition to their original breach of contract and accounting claims, Plaintiffs allege promissory estoppel, breach of duty of good faith and fair dealing, and aiding and abetting the breach of duty of good faith and fair dealing claims.  Dkt. No. 1-1.  On August 4, 2020, Defendants removed the case to this Court, again asserting diversity jurisdiction.  Dkt. No. 1.

On August 10, 2020, Defendants filed the present Motion to Dismiss.  Dkt. No. 4.  In their Motion, Defendants argue that Plaintiffs' claims fail as a matter of law because the Ancillary Agreements are unenforceable under Georgia law and the Complaint "fails to satisfy federal pleading requirements." Id. at 2.  Then, on September 1, 2020, Plaintiffs filed the present Motion to Remand.  Dkt. No. 17.  In their Motion, Plaintiffs argue that the Court must remand this case back to state court for two reasons: (1) complete diversity is lacking, and (2) the forum-selection clause in the relevant contracts binds the parties to remain in state court.  Id. at 2.

## II.  LEGAL STANDARD

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. 28 U.S.C. § 1441(a).  When a case is removed based on diversity jurisdiction, the case must be remanded to state court if there is not complete

diversity between the parties, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806), or one of the defendants is a citizen of the state in which the suit is filed, 28 U.S.C. § 1441(b).  For purposes of diversity jurisdiction, a limited liability company "is a citizen of any state of which a member of the company is a citizen."  Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (quoting Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004)).  A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "A corporation's principal place of business is determined by looking at the 'total activities' of the corporation."  Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998) (citing Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust, 588 F.2d 431, 434 (5th Cir. 1979)).

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss

under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Id. (quoting Twombly, 550 U.S. at 570).   A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint.   Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Iqbal, 556 U.S. at 678.   The court need not "accept as true a legal conclusion couched as a factual allegation."   Twombly, 550 U.S. at 555.

Lastly, the Court notes that exhibits attached to pleadings may become part of a pleading.   Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment.   Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).   A court may also consider public records when deciding a motion pursuant to

5

Federal Rule of Civil Procedure 12(b) without converting the motion to a motion for summary judgment.  Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider.").

### III. DISCUSSION

Before addressing Defendants' Motion to Dismiss, the Court must address Plaintiffs' Motion to Remand, as it presents a challenge to this Court's jurisdiction to hear this case. Plaintiffs argue that the Court must remand this case back to state court for two reasons: first, because complete diversity is lacking; and second, because the forum-selection clause in the relevant contracts binds the parties to remain in state court. Dkt. No. 17 at 2.  The Court begins by addressing Plaintiffs' complete diversity argument.

### A. Complete Diversity of the Parties

Plaintiffs first contend that this case must be remanded back to the Superior Court of Jeff Davis County because complete diversity is lacking. Dkt. No. 17 at 6.  Specifically, Plaintiffs argue that Plaintiff Ashland Mat and both Defendants are Wisconsin citizens, which makes the parties nondiverse for the purposes of federal diversity jurisdiction.  Id.  In support of their argument

6

that Ashland Mat is a Wisconsin citizen, Plaintiffs allege that Ashland Mat's principal place of business is in Ashland, Wisconsin. Id. Defendants respond by arguing that Plaintiffs have failed to sufficiently establish Ashland Mat's Wisconsin citizenship. Dkt. No. 22 at 4.

These arguments, however, are inapposite to the question of whether Ashland Mat is diverse from the Wisconsin citizen Defendants. Ashland Mat is a limited liability company, and "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Mallory & Evans Contractors & Eng'rs, LLC, 663 F.3d at 1305 (quoting Rolling Greens MHP, 374 F.3d at 1022). Because the parties had not done so previously, the Court issued an order directing the parties to confirm the citizenship of each member of Ashland Mat before ruling upon the subject motions. See Dkt. No. 26. Ashland Mat responded to this order by showing that Ashland Mat's sole member is Beasley-Johnson Holdings, Inc. ("Beasley-Johnson"). Dkt. No. 27 ¶ 2. Ashland Mat states that Beasley-Johnson is a holding company incorporated under the laws of Delaware, and that it "has delegated the operational decision making to those who direct, control, and coordinate the business of Ashland Mat, LLC in Ashland, Wisconsin." Id. ¶¶ 3, 4. Ashland Mat does not argue whether Beasley-Johnson's principal place of business is in Wisconsin or elsewhere. See id.

7

Defendants responded by arguing that because Beasley-Johnson is a Delaware corporation, "complete diversity exists between the parties to this lawsuit, as Defendants are both citizens of Wisconsin." Dkt. No. 28 at 1.

To determine whether federal diversity jurisdiction exists, then, the Court must determine whether Beasley-Johnson is not only a Delaware citizen, but also a Wisconsin one. The parties have submitted little-to-no evidence as to Beasley-Johnson's principal place of business. See Dkt. Nos. 27, 28. However, it is not Plaintiffs' burden to demonstrate that diversity jurisdiction exists; because Defendants removed the case to this Court, Defendants bear the burden of demonstrating complete diversity. See Rolling Greens MHP, 374 F.3d at 1022 ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001))); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . ." (citations omitted)).

It appears, based upon Plaintiffs' allegations, that Beasley-Johnson's principal place of business may be in Ashland, Wisconsin because it "delegate[s] the operational decision making to those

who direct, control, and coordinate the business of Ashland Mat, LLC in Ashland Wisconsin." See Dkt. No. 27 ¶ 4. Because it is unclear whether Beasley-Johnson is a Wisconsin citizen, Defendants have failed to carry their burden of showing complete diversity between the parties in this case. See Destefano v. Home Shopping Network, Inc., No. 8:05-CV-1299, 2006 WL 539542, at *3 (M.D. Fla. Mar. 6, 2006) ("In sum, [defendant] fails to prove-fails, in fact, to address meaningfully-whether [it] is a citizen of Florida and therefore fails to meet its burden of proving diversity jurisdiction by a preponderance of the evidence."). "Because a federal court enjoys limited jurisdiction, 'there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" Id. (quoting Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001)). Despite its being given a second opportunity to carry its burden of establishing the parties' citizenships, dkt. nos. 26, 28, Defendants have failed to do so. See, e.g., Club Factorage, LLC v. Wood Duck Hiding, LLC, No. CV415-264, 2016 WL 9046678, at *1 (S.D. Ga. Sept. 8, 2016) ("[T]he general allegation that no member of Plaintiff Club Factorage, LLC is a Georgia citizen is insufficient for Defendants to carry their burden of establishing complete diversity between the parties." (citing Ray v. Bird & Son & Asset Realization Co.,

519 F.2d 1081, 1082 (5th Cir. 1975))).   Remand is therefore in
order.

## B. Fraudulent Joinder

Even *if* Ashland Mat is a Wisconsin citizen, Defendants argue,
this Court has jurisdiction because Ashland Mat "has been
fraudulently joined for the sole purpose of defeating diversity
jurisdiction."  Dkt. No. 22 at 5.  Defendants contend that it "is
not readily apparent from the face of the Complaint" that Ashland
Mat "has asserted an actual claim against a Defendant" and "there
is no possibility that Ashland can prevail on any of its purported
claims."  Id.  Defendants acknowledge that fraudulent joinder of
plaintiffs is a less-recognized doctrine than fraudulent joinder
of defendants, but they argue that "[n]umerous courts have applied"
the doctrine with "equal force" to plaintiffs as they have to
defendants.  Id. at 6.  Defendants do not specify which standard
for fraudulent joinder this Court should apply to allegedly
fraudulently joined plaintiffs, but they point toward the "viable
claim" standard, a "more than . . . a viable claim" standard, and
a "possible" claim standard as contenders.  Id. at 7.  Under any
of these standards, Defendants contend, Ashland Mat has been
fraudulently joined because it has not stated and cannot state a
claim against Defendants.  Id.

## 1. Extension of the Doctrine

It is true that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  However, the fraudulent joinder doctrine is traditionally invoked when a plaintiff attempts to join a non-diverse *defendant* to destroy diversity jurisdiction.  Id.  Here, Defendants ask the Court to allow removal where Plaintiffs allegedly fraudulently joined a non-diverse *Plaintiff*.  The Northern and Middle Districts of Georgia, the Middle District of Florida, and the Southern District of Alabama have allowed removing defendants to argue fraudulent joinder of non-diverse plaintiffs. See Campbell v. Quixtar, Inc., No. 2:08-CV-0045, 2008 WL 2477454, at *3-4 (N.D. Ga. June 16, 2008); Hodach v. Caremark RX, Inc., 374 F. Supp. 2d 1222, 1224 (N.D. Ga. 2005); Agrowstar, LLC v. Branch Banking & Tr. Co., No. 5:14-CV-379, 2015 WL 5749456, at *2 (M.D. Ga. Sept. 30, 2015); Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1291 (M.D. Fla. 2002);  Koch v. PLM Int'l, Inc., No. CIV. A. 97-0177-BH-C, 1997 WL 907917, at *2-*4 (S.D. Ala. Sept. 24, 1997); Rudder v. Kmart Corp., No. CIV. A. 97-0272-BH-S, 1997 WL 907916, at *3 (S.D. Ala. Oct. 15, 1997).  The Northern and Middle Districts of Alabama, on the other hand, have explicitly found that "application of the doctrine of fraudulent joinder of a defendant does not extend to include the alleged fraudulent joinder of a

plaintiff." See Johnston Indus., Inc. v. Milliken & Co., 45 F. Supp. 2d 1308, 1312 (M.D. Ala. 1999); Breland Homes, LLC v. Wrigley, No. 5:18-CV-1350, 2019 WL 1466239, at *11 (N.D. Ala. Apr. 3, 2019) ("[T]his court finds that the doctrine of fraudulent joinder does not apply to a fraudulently joined plaintiff."). Neither the Southern District of Georgia nor the Eleventh Circuit has expressed a view on such an expansion of the doctrine.

The cases that apply the fraudulent joinder doctrine to plaintiffs refer to other circuits' case law or an agreement of the parties for support. For example, in Hodach, the Northern District of Georgia held that the doctrine applies equally to plaintiffs "[b]ased on its review of Eleventh Circuit case law concerning fraudulent joinder of non-diverse *defendants*, as well as decisions from other jurisdictions addressing the alleged fraudulent joinder of non-diverse plaintiffs." 374 F. Supp. 2d at 1224-25 (emphasis added) (citing a Texas case, an Iowa case, and a West Virginia case). In Agrowstar, the Middle District of Georgia simply says: "[b]ecause the parties have agreed the fraudulent joinder doctrine encompasses the fraudulent joinder of plaintiffs, the Court will assume the same." 2015 WL 5749456, at *2. The Southern District of Alabama cases apply the doctrine without discussion, and the Middle District of Florida cites to one of those Alabama cases for support. See Koch, 1997 WL 907917, at *2; Rudder, 1997 WL 907916, at *3; Ferry, 185 F. Supp. 2d 1285

at 1291 (citing Koch).  The cases from other circuits essentially base their similar holdings on the fact that they do not see a reason *not* to apply the doctrine equally to plaintiffs and defendants.  See, e.g., Grennell v. W. S. Life Ins. Co., 298 F. Supp. 2d 390 (S.D.W. Va. 2004) ("The Court can see no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs."); Taco Bell Corp. v. Dairy Farmers of Am., Inc., 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010) ("The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties[, which] is fulfilled both where the plaintiff improperly sues non-diverse defendants against whom it has no viable claim and where the plaintiff joins additional non-diverse plaintiffs who have no viable claims.").

The district courts that have declined to extend the doctrine to the fraudulent joinder of plaintiffs have reasoned that "the Eleventh Circuit's clear directive to construe removal statutes narrowly, and to resolve any doubts in favor of remand," requires the "ambiguity [to] be resolved so as to not unnecessarily expand the exercise of federal jurisdiction."  Breland Homes, 2019 WL 1466239, at *8; see also Reeves v. Pfizer, Inc., 880 F. Supp. 2d 926, 929 (S.D. Ill. 2012) ("Without contrary direction from the

13

Seventh Circuit, this Court finds that extending the doctrine of fraudulent joinder to joinder of plaintiffs would be . . . a massive increase to this Court's jurisdiction."); Myers Indus., Inc. v. Young, No. 5:13-CV-01278, 2013 WL 4431250, at *4 (N.D. Ohio Aug. 16, 2013) ("Because the Court cannot conclude with complete certainty that the Sixth Circuit would hold fraudulent joinder analysis applies to plaintiffs, . . . the Court is bound to refuse to apply fraudulent joinder analysis to [plaintiff]."); but see Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp. 2d 891, 904 n.7 (N.D. Iowa 2000) (finding this reasoning "fails to give proper consideration to the fact that the fundamental principle of jurisdiction is 'complete diversity,' not the doctrine of 'fraudulent joinder').

Further, courts have found "a pragmatic reason" not to extend the doctrine: namely, that "questions about the viability of the state law claims asserted by plaintiffs are more appropriately resolved by the state courts." Breland Homes, 2019 WL 1466239, at *11 (citing Johnston Indus., 45 F. Supp. 2d at 1312; Reeves, 880 F. Supp. 2d at 929; Myers Indus., 2013 WL 4431250, at *4). These courts reason that "[t]here is no reason why [defendants' arguments that the plaintiffs are fraudulently joined] could not have been raised by a motion to dismiss" in state court, and that if the motion were granted, "the case could properly be removed to federal court." Id. However, the courts go on to say that fraudulent

14

joinder of a non-diverse *defendant* cannot be challenged by another defendant in state court; it would have no standing to do so, and so "its only recourse would be to go ahead with the removal and argue that the other defendant had been fraudulently joined." Id.[2]

Without indication from the Eleventh Circuit as to whether the doctrine of fraudulent joinder also extends to plaintiffs, the Court is hesitant to hold that it does.  The Court finds persuasive the reasoning that the Northern and Middle Districts of Alabama have employed to decline to extend the doctrine, and it holds that the fraudulent joinder doctrine does not extend to allegedly fraudulently joined plaintiffs.  See, e.g., Johnston Indus., 45 F. Supp. 2d at 1312; Breland Homes, 2019 WL 1466239, at *11.

---

[2] In 2010, one Kentucky district court found fault with this reasoning based on the removal statute's strict time limitations.  See Taco Bell Corp., 727 F. Supp. 2d at 607 n.3 ("Plaintiffs argue that defendants have an alternative remedy when plaintiffs are fraudulently joined. According to Plaintiffs, a defendant may simply move to dismiss the fraudulently joined plaintiff in the state court action and then, upon dismissal, remove. However, there are significant time limitations on diversity jurisdiction removal. It is possible that a motion to the state court may exceed those time limits, thus eliminating the possibility of removal despite the propriety of diversity jurisdiction."). Title 28 U.S.C. § 1446(b) does provide that notice of removal "shall be filed within 30 days" after the defendant is served or the case becomes removable, and it provides that a case may not be removed based on diversity more than one year from commencement of the action.  See 28 U.S.C. § 1446(b)-(c).  However, Congress amended Section 1446 in 2011 to include a bad faith exception to this one-year bar.  Compare id. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action*." (emphasis added)) with id § 1446(b) (1996) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").  This amendment mitigates the concern that the Kentucky court found with time limits for removal.

Accordingly, the case must be remanded because Defendants have not shown complete diversity.

### 2. Plaintiffs' Causes of Action Against Defendants

However, even assuming *arguendo* that the fraudulent joinder doctrine applied to plaintiffs, this case must still be remanded because Plaintiffs' claims survive the Eleventh Circuit's fraudulent joinder standard. Further assuming the same standard for fraudulent joinder would apply to plaintiffs as it does to defendants, Defendants would have the "heavy" "burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against [either] defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (first alteration in original). Defendants do not allege Plaintiffs have fraudulently pled jurisdictional facts here, so Defendants would have to show "no possibility" of Ashland Mat's establishing a cause of action against Defendants. "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. at 1333 (quoting Crowe, 113 F.3d at 1538).

16

The Court notes that the fraudulent joinder standard is much more "lax" than the Rule 12(b)(6) motion to dismiss standard: "To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face,"'" while "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'"  Id. at 1333 (quoting Ashcroft, 556 U.S. at 678 and Triggs, 154 F.3d at 1287).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants," the Court must remand the case.  Id. (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

Defendants argue that Ashland Mat "does not clearly state a single claim against either Defendant in the Complaint," and that even if Ashland Mat did state a promissory estoppel claim or an aiding and abetting claim against Defendants, these claims fail. Dkt. No. 22 at 7-9.  Defendants argue that the promissory estoppel claim fails for two separate reasons: first, the relevant "promise"—namely, the right of first refusal and right to supply contained within the Ancillary Agreements—"was made by NCI to [Beasley Forest]" and not to Ashland Mat; and second, Ashland Mat does not contend that the Ancillary Agreements between Ashland Mat and OEI are "unenforceable," and a promissory estoppel claim presupposes an unenforceable contract.  Id. at 8-9.  Defendants

17

also contend that "there is no clear cause of action under Georgia law for 'aiding and abetting a breach of the duty of good faith and fair dealing.'" Id. at 9. Even if such a cause of action existed, Defendants argue, it would fail for two reasons: first, it is "derivative of the . . . claim for breach of the duty of good faith and fair dealing, which also fails under Georgia law"; and second, "Defendant OEI has no duty or obligation under Georgia law to 'compel or cause' a third party, NCI, to comply with contracts it entered into with [Beasley Forest]." Id. at 9-10.

If Ashland Mat states any possible claim against Defendants, then Defendants have failed to carry their heavy burden of demonstrating fraudulent joinder. Evaluating Plaintiffs' factual allegations in the light most favorable to Plaintiffs and resolving uncertainties about state substantive law in Plaintiffs' favor, the Court finds that Ashland Mat possibly states a valid cause of action against Defendants. See Stillwell, 663 F.3d at 1333.

As to promissory estoppel, Plaintiffs allege in their Complaint that "Defendants promised that [Defendant] NCI would give [Plaintiff Beasley Forest] the right to supply NCI with certain timber mats and the right of first refusal to purchase NCI's used timber mats," pursuant to the Ancillary Agreements, "in consideration of and as a condition to the consummation of the transaction contemplated by the . . . Purchase Agreement." Dkt No. 1-1 ¶ 60. They further allege that "Plaintiffs reasonably

18

relied on Defendants' material promise as a basis for entering
into the . . . Purchase Agreement" between Ashland Mat and OEI,
and that "NCI's failure to adhere to its promise has injured BFP."
Id. ¶¶ 62, 64.

Promissory estoppel in Georgia requires a plaintiff to show
that "the defendant made a promise upon which he reasonably should
have expected the plaintiff to rely, the plaintiff relied on the
promise to his detriment, and injustice can be avoided only by
enforcing the promise because the plaintiff forwent a valuable
right." Mbigi v. Wells Fargo Home Mortg., 785 S.E.2d 8, 20 (Ga.
Ct. App. 2016) (quoting Thompson v. Floyd, 713 S.E.2d 883, 890
(Ga. Ct. App. 2011)).  Defendants are correct in that "Georgia
courts use promissory estoppel to allow enforcement of promises
that would fail under traditional rules of contract law." Ridgeline
Capital Partners, LLC v. MidCap Fin. Servs., LLC, 340 F. Supp. 3d
1364, 1369 (N.D. Ga. 2018).  However, that Plaintiffs do not plead
unenforceability of the subject contracts is inapposite because
Defendants *themselves* argue the Ancillary Agreements are
unenforceable.  See Dkt. No. 4 at 1-2; Dkt. No. 5 at 2; Cf. Am.
Casual Dining, LP v. Moe's Sw. Grill, LLC, 426 F. Supp. 2d 1356,
1371 (N.D. Ga. 2006) ("[Plaintiff] does not allege that the
contracts attached to the Complaint are invalid or potentially
invalid, *nor does [defendant] challenge the existence or validity
of the agreements*. When *neither side* disputes the existence of a

valid contract, the doctrine of promissory estoppel does not apply." (emphases added)).

While Plaintiffs' pleadings may not explicitly state how exactly Ashland Mat relied upon Defendants' promises within the Ancillary Agreements and was harmed by that reliance, it cannot be said that such a claim on behalf of Ashland Mat is "frivolous or fraudulent." See Crowe, 113 F.3d at 1542. Plaintiffs allege that Ashland Mat entered into the Purchase Agreement with OEI conditioned upon Beasley Forest and NCI's entry into the Ancillary Agreements; that NCI failed to live up to its promises within the Ancillary Agreements; and that Ashland Mat would not have entered into the Purchase Agreement had the Ancillary Agreements not been included. Dkt. No. 1-1 ¶¶ 18, 23, 24. Further, Defendants contend that the Ancillary Agreements are unenforceable. These allegations sufficiently sound in promissory estoppel for the Court to find "a reasonable basis for predicting that the state law might impose liability on the facts involved." Crowe, 113 F.3d at 1542 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981)). While "it may be that the Georgia Superior Court will disagree on remand," in the fraudulent joinder context, "the Court's inquiry ends where uncertainty under state law begins." Campbell, 2008 WL 2477454, at *6. Because Plaintiffs have a possible promissory estoppel claim against Defendants, Defendants' fraudulent joinder argument fails, and the Court need

not examine whether Plaintiffs' aiding and abetting allegations also state a possible claim.

Because the case must be remanded based on lack of subject matter jurisdiction due to incomplete diversity, Plaintiffs' forum-selection clause argument need not be addressed, nor must Defendants' Motion to Dismiss.

### CONCLUSION

For the above reasons, Plaintiffs' Motion to Remand, dkt. no. 17, is **GRANTED**.  Defendants' Motion to Dismiss, dkt. no. 4, is **DENIED as moot**.  This case is hereby **REMANDED** to the Superior Court of Jeff Davis County.

**SO ORDERED**, this 14th day of January, 2021.


_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA